The facts in this cause clearly establish that an horrendous injustice has been done.
It appears from the record that a juvenile boy had consensual sex with a girl who represented herself to be older than thirteen years of age. The girl's sister and her boyfriend represented the girl as being older than thirteen years of age. The girl's physical development was described as normally developed, post-puberty, with regular menstrual periods and genital development. The girl initiated sexual talk and activity and willingly engaged in intercourse.
Appellant was deprived of the opportunity to be tried as a juvenile, was indicted and found guilty of rape, and sentenced to five to twenty-five years' incarceration. Appellant, a juvenile, was improperly arrested and interrogated without a parent or lawyer present. The motion to suppress should have been granted. The state could not show a criminal intent on the part of the juvenile appellant. The court should have granted the motion to dismiss. A sentence of five to twenty-five years for rape under the circumstances herein must surely be cruel and unusual punishment.
Strict liability for consensual sex as in this appeal could not have been legislatively contemplated for application to a juvenile young man with a girl he had reason to believe was over thirteen years of age. I must dissent.